**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| YAGYA MURTI BHANDARI,<br><br>Petitioner,<br><br>v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>Respondent. | Nos. 06-74713, 07-70800<br><br>Agency No. A098-950-720<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted December 10, 2010
Pasadena, California

Before: PREGERSON and M. SMITH, Circuit Judges, and HOLLAND, Senior
District Judge.[**]

Petitioner Yagya Murti Bhandari, a native and citizen of Nepal, seeks review

of the Board of Immigration Appeals' (BIA) order dated August 31, 2006, which

adopted and affirmed the Immigration Judge's (IJ) decision to deny Bhandari

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable H. Russel Holland, Senior United States District Judge
for the District of Alaska, sitting by designation.

asylum, withholding of removal, and protection under the Convention Against Torture (CAT). In addition, Bhandari appeals the BIA's order dated January 30, 2007, which denied his motion to reopen, and he requests we take judicial notice of materials not included in the administrative record. Because the pertinent facts and procedural history are familiar to the parties, we recite them here only as necessary to explain our decision. We have jurisdiction pursuant to 8 U.S.C. § 1252(a)(1). We deny Bhandari's petition and application for judicial notice.

First, Bhandari presents neither the "existence of changed circumstances" material to his application nor any extraordinary justification to excuse exceeding the one-year filing deadline for asylum set forth in 8 U.S.C. § 1158(a)(2)(B). *See Taslimi v. Holder*, 590 F.3d 981, 984 (9th Cir. 2010). The increased influence of Maoists in Nepal, their harassing and violent behavior, and the targeting of Bhandari's business—factors which Petitioner proffers to excuse his delay—all existed prior to Bhandari's arrival in America. Likewise, the 2005 Country Report, on which Bhandari relies heavily, indicates that the Maoist insurgency "intensified since its inception in 1996"—eight years before Bhandari left Nepal. While Bhandari also urges us to consider the 2006 Country Report, it is not part of the Administrative Record and is not properly before us. *See Fisher v. INS*, 79 F.3d

955, 963 (9th Cir. 1996) (en banc).  Accordingly, we find no error in the IJ's determination that Bhandari's asylum claim was untimely.

Turning to the merits of Bhandari's request for withholding of removal, we likewise find no error on the part of the IJ.  Even assuming that Bhandari's family's democratic values, high social caste, and Hinduism constituted a "social group" for purposes of 8 C.F.R. § 208.16(b)(1)(i), *Molina-Estrada v. INS*, 293 F.3d 1089, 1095 (9th Cir. 2002), the evidence fails to show that his family was singled out for persecution by the Maoists.  Although the bombing of a bus owned by Bhandari appears at first blush to be evidence of persecution, the record reveals that the bus was targeted because it was operated in defiance of a general strike, not because of any traits particular to Petitioner.  Bhandari's plans to return to Nepal, his sending his family back to that country, and his testimony that Maoist threats were not directed toward him do not compel us to conclude that he subjectively feared future persecution.  *See id.* at 1093, 1095-96.

Although Bhandari claims he is entitled to CAT relief because he was "subjected to the most unimaginable mental torture which resulted in long term medical treatment for him and forced him to stay away from his family for the last two and a half years," the record reveals neither torture nor acquiescence by the Nepalese government.  *See* 8 C.F.R. § 208.18(a)(1); *Zheng v. Ashcroft*, 332 F.3d

3

1186, 1194 (9th Cir. 2003). The evidence shows that while the Maoists occasionally attempted to extort money from business owners, Bhandari never sought government assistance to remedy this problem. Accordingly, the IJ correctly denied CAT relief.

Finally, the BIA did not abuse its discretion in denying Bhandari's motion to reopen. Although Bhandari timely raised the issue before the BIA, the evidence he proffered in support of the claim failed to show how his attorney's purported ineffective assistance affected the outcome of his case. *See Rojas-Garcia v. Ashcroft*, 339 F.3d 814, 826 (9th Cir. 2003).

For the foregoing reasons, we deny Bhandari's petition for review. We also deny his request that we take judicial notice of certain materials outside the administrative record.

**PETITION DENIED.**